# Rhome *v.* Morris, Appellant.

*Will—Probate—Issue devisavit vel non—Verdict of jury.*

On an appeal from the action of the register of wills admitting a will to probate, a verdict of the jury to the effect that the will in question was not the last will of the decedent, but that a will probated in another state was the last will of the decedent will be modified so as to eliminate all reference to the will probated in the other state. In such a proceeding the court has no jurisdiction to pass upon the validity of the will probated in the other state; and this is the case although the validity of such will was one of the questions submitted to the jury.

Argued April 16, 1906. Appeal, No. 72, April T., 1906, by defendant, from judgment of C. P. Greene Co., Nov. T., 1904, No. 57, on verdict for plaintiff in case of Ida M. Rhome et al v. George M. Morris et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Judgment and verdict modified.

Appeal from Register of Wills. Before CRAWFORD, P. J. The facts are stated in the opinion of the Superior Court.

The verdict was as follows :

"And now, February 6, 1905, verdict in favor of the plaintiff for $10 damages and with costs of suit and also find that the paper writing dated May 23, 1894, and which the register of wills admitted to probate is not the last will and testament of Sarah Morris, deceased, but that the paper writing dated April 9, 1903, offered in evidence by plaintiffs is the true and lawful last will and testament."

Judgment was entered on the verdict.

*Error assigned* was in entering judgment upon the verdict.

*F. W. Downey* for appellant.—By this proceeding, verdict and judgment appellees have obtained a judicial finding that the West Virginia will is the last will and testament of Sarah Morris, and have obtained this without having any issue concerning said will properly before the court. This is error: Neal's Will, 17 W. N. C. 191 ; Taylor v. Com., 103 Pa. 96 ;

Toner v. Taggart, 5 Binney, 489; Hoopes's Estate, 152 Pa. 105; Lappes's Estate, 35 P. L. J. (N. S.) 157; Miller's Est., 166 Pa. 97; Alexander's Estate, 32 P. L. J. (N. S.) 127; Hoopes's Estate, 185 Pa. 167; Coleman v. Rowland, 1 Pittsburg, 122; Clark v. Douglass, 62 Pa. 408; Muhlenburg v. Brock, 25 Pa. 517; Ruddach v. Reichenback, 17 W. N. C. 549; Stier's Estate, 4 Pa. C. C. 639; Herrington v. Guernsey, 177 Pa. 175.

*James J. Purman*, with him *J. B. Donley* and *J. Patrick Donley*, for appellees, cited: Gentner v. Geiler, 4 W. N. C. 139; Long v. Shull, 7 Pa. Superior Ct. 476; Barclay v. Kerr, 110 Pa. 130.

OPINION BY HENDERSON, J., June 30, 1906:

A paper purporting to be the last will of Sarah Morris was presented to the register of wills and duly probated on February 11, 1904. On July 28 an appeal was taken from that action and on the same day the parties appealing presented their petition to the orphans' court setting forth that the paper probated as the will of Sarah Morris was not her last will but that a will executed at a later date and probated in the county of Wetzel, West Virginia, was the last will of the decedent and praying for an issue to determine whether the paper admitted to probate by the register of wills of Greene county was the last will of the decedent or whether the paper admitted to probate in West Virginia was her last will. Upon this petition the court awarded an issue and directed a precept to the court of common pleas. The precept is in the usual form, reciting the facts averred in the petition and directing that an issue "be formed upon the merits of the controversy between the said parties and tried in due course according to the practice of our said courts in actions commenced by writ." At the trial of the issue an exemplification of the record of the probate of the West Virginia will was offered in evidence without objection, and as it appeared that this will was made several years after the will probated in Greene county a verdict was taken for the plaintiffs. The controversy here arises out of the form of the verdict, which was a finding for the plaintiffs, and that the paper writing probated in Greene county was not the last will of the decedent but that the will probated in West Virginia was her

last will.   The appellant objects to so much of the verdict as finds that the paper probated in West Virginia was the last will of the decedent and contends that the proceeding in the court below should be reversed and set aside for the reason that there was in fact a trial of two issues, to wit : the validity of both the Pennsylvania and West Virginia wills.   It is supposed by the learned counsel for the appellant that the issue presented by the precept from the orphans' court involved the two inquiries and that it was therefore not in conformity to the statute. We do not so interpret the writ, however.   It does, indeed, set forth that the will probated in West Virginia is the last will of the decedent, but this was done to bring to the attention of the court the grounds upon which the contest of the Pennsylvania will was based.   The mandate of the orphans' court directs that the issue be formed upon the merits of the controversy between the parties.   That can have reference, only, to the question which was legitimately before the court.   The appeal taken was from the action of the register of wills in probating the will in Greene county.   No other question came, or could come, into the orphans' court by the appeal and the court was limited to the consideration of the validity of the document there probated as the last will of the decedent.   The general language of the precept must therefore be understood as having reference to the specific question whether the writing thus probated was in fact the will of Sarah Morris.   Inasmuch as it was not disputed that the will probated in West Virginia was of a later date than that probated in Pennsylvania, the plaintiffs were entitled to a verdict on their appeal.   The finding of the jury went beyond the exigency of the issue, however.   The validity of the will probated in West Virginia was not a subject of judicial inquiry in this proceeding.   The register of wills has exclusive jurisdiction of the probate of wills and the orphans' court has no authority to try the question, except on appeal. Moreover, a competent tribunal in West Virginia, the place of the decedent's domicile, had assumed jurisdiction of the probate of her will.   The 12th section of the act of March 15, 1832, restricts the authority of a register of wills, in a case where a copy of a will proved in another state is offered for probate, to a consideration of the sufficiency of the proofs and it appears clear from the provisions of that act that the validity of a will

cannot be attacked at the place of ancillary administration. So much of the verdict of the jury and the judgment of the court thereon as found that the will probated in Greene county was not the last will of the decedent is consistent with the issue formed and is supported by the evidence. That part of the verdict which passes upon the validity of the other will was in excess of the subject submitted to the jury for its consideration and must be set aside. The determination of that question is a matter for inquiry in the forum of the probate of that will. So much of the verdict and the judgment as relates to the will of the testator probated in West Virginia is set aside and the judgment in favor of the plaintiffs as thus modified is affirmed.